## No. 12,043.

RÍO OIL AND SUPPLY COMPANY *v*. DUCE, OIL INSPECTOR,
ET AL.

Decided February 27, 1929.   Rehearing denied March 25, 1929.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OLIVER DEAN, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE parties are aligned here as at the trial. The Rio Oil and Supply Company will be referred to as plaintiff, and Duce, et al., as defendants. This is a suit to obtain an injunction. A demurrer to the complaint was sustained. It was general, and also on jurisdictional grounds. Judgment was entered against plaintiff, and it brings error.

Plaintiff, a corporation, alleges that it is a tax payer and a distributor engaged in the buying, selling and

using of gasoline and other petroleum products, subject to the provisions of chapter 140, Session Laws 1927. Defendants include Duce, as state inspector of oils, the attorney general, the state treasurer and the state auditor.

Plaintiffs seek to enjoin defendants from taking any action looking toward the enforcement of the acts of the legislature assessing taxes on gasoline used in the propelling of motor vehicles, and to declare such acts unconstitutional and void in this respect. Also that if such acts be not unconstitutional, to restrain the state auditor from drawing warrants to counties and restrain the state treasurer from paying out funds raised under the provision of such acts of the legislature. Although "acts" are referred to by plaintiff, the only one really concerned is chapter 140, Session Laws 1927, discussed in our opinion in cause No. 12,185, *People v. Texas Co.*, 85 Colo. 289, 275 Pac. 896, decided by us on this date.

We think that plaintiff's action undertakes an entirely too ambitious program in seeking to enjoin the state officials in the performance of their duties in the enforcement of this important legislation. If aggrieved, plaintiff has a plain, speedy and adequate remedy at law. The statute itself provides it. It should pay the tax, under protest if desired [C. L. 1921, § 338], and may then bring action against the custodian, the state treasurer, to recover such tax. This makes it unnecessary to discuss other points raised. Many of them, in fact, relate to principles of statutory construction heretofore repeatedly decided.

Judgment affirmed.